### THE FT. WAYNE, MUNCIE AND CINCINNATI RAILROAD COMPANY v. CLARK.

COSTS.—*Statute Construed.*—*Several Actions.*—Where a party has acquired several demands against another party, accruing or maturing at different dates, and suits are brought on these demands as they severally accrue or mature, section 401 of the practice act, 2 R. S. 1876, p. 196, can not be so construed as to prevent a recovery of costs in all but one of such suits, upon the ground that if the plaintiff had delayed his suits until all his demands had accrued or matured, they might then have been joined in one action.

RAILROAD.—*Stock Killed or Injured.*—*Judgment on Appeal from Justice.*— *Statute Construed.*—Where, upon an appeal from a justice of the peace, a party has obtained a judgment in the circuit court against a railroad company, for damages for the killing or injury of his stock, under the provisions of the act of March 4th, 1863, 1 R. S. 1876, p. 751, providing compensation to the owners of stock killed or injured on a railroad not securely fenced in, the judgment plaintiff, although his case is not within the letter of the statute, may enforce the collection of his judgment, in the manner provided in the 5th section of said act.

From the Delaware Circuit Court.

*W. H. Coombs, J. Morris, R. C. Bell* and *W. H. H. Miller,* for appellant.

HOWK, J.—It appears from the record of this cause, that, on the 27th day of May, 1873, the appellee commenced an action against the appellant, before the mayor of the city of Muncie.

In his complaint, the appellee alleged, that, on the 6th day of May, 1873, at Delaware county, Indiana, the appellant was, by its employees and agents, running a locomotive and train of cars upon its road, within said county; that said train, while being so run, passed over and killed one red and white two-year old steer, of the value of $25, the property of the appellee, and to his damage in the sum of $25; and that, at the point on said road where said steer was killed, it was not securely fenced in as required by law.

On the 7th day of June, 1873, the parties appeared before the mayor, and a trial was had which resulted in a judg-

ment in favor of the appellee for the full amount of his claim; from which judgment the appellant, on the 30th day of June, 1873, appealed to the court below.

It further appears from the record, that, on the 3d day of July, 1873, the appellee commenced another action against the appellant, before the said mayor of Muncie; that, in his complaint in this action, the appellee alleged, that, on the 1st day of July, 1873, at said county, the appellant, by its agents and employees, was running a locomotive and train of cars, and struck, passed over and killed one white two-year old heifer, of the value of $30, the property of the appellee, and to his damage in said sum of $30; and that the appellant's road was not securely fenced in, as required by law, at the place where said heifer was struck and killed.

This cause was tried by the mayor on the 21st day of July, 1873, and a judgment was rendered in favor of the appellee for the amount of his claim, from which judgment the appellant, on August 1st, 1873, appealed to the court below.

The two cases were, of course, docketed in the court below as two separate actions; but, on the appellant's motion, the two cases were there consolidated. The appellant then moved the court to tax the appellee with all the costs of one of the cases up to the time of the consolidation of the two cases; which motion was overruled, and to this decision the appellant excepted. The cause, as consolidated, was tried by the court, without a jury, and a finding made in favor of the appellee, and against the appellant, in the sum of fifty-five dollars.

The appellant's motion for a new trial was overruled, and to this decision the appellant excepted, and then moved the court in arrest of judgment; which latter motion was also overruled, and to this decision the appellant also excepted. Judgment was then rendered by the court on its finding; and, on the appellee's motion, a rule was granted by the court against the appellant's agent at

said city of Muncie, requiring him to appear before the court on the second day of its next term, to answer as to his receipts of the appellant's moneys; to which rule of the court the appellant excepted.

In this court the appellant has assigned as errors the following decisions of the court below:

1. In refusing to tax the costs of one of the two cases embraced in the record, up to the time of the consolidation, to the appellee;

2. In overruling the appellant's motion in arrest of judgment;

3. In the rule of the court against the appellant's agent at Muncie, to answer as to his receipts of the appellant's money; and,

4. In overruling the appellant's motion for a new trial.

1. The first alleged error is not well assigned. It is provided in section 401 of the practice act, that "When the plaintiff shall, at the same court, bring several actions against the defendant, upon demands which might have been joined in one action, he shall recover costs only in one action," etc. 2 R. S. 1876, p. 196.

It is clear, we think, that this provision is not applicable to such a case as the one now before us. It will be seen from our statement of this case, that the appellee's first cause of action against the appellant accrued on the 6th day of May, 1873, and suit was brought thereon, and the judgment was rendered therefor and appealed from, before the second cause of action accrued. Certainly, it was not necessary for the appellee, when his steer was killed by the appellant's cars, to wait until the appellant should thereafter kill his heifer before bringing his action. When the appellee brought his first action, he had only one demand against the appellant; and the fact that he afterward acquired another similar demand against the appellant, for which he then sued, will not prevent him from recovering costs in both actions, upon the ground that, if

he had waited until the second demand had accrued, he might then have joined both demands in one action. In our opinion the appellant's motion to tax the appellee with the costs of one of the two actions was properly overruled.

2. It seems to us, that each of the appellee's complaints in the record of this cause was sufficient to withstand the appellant's motion in arrest of judgment. No objection was made to the legal sufficiency of either complaint in the court below until after the trial of the cause; and in this court, while the appellant's brief declares, that "the complaint in this action is manifestly and clearly bad," yet it fails to point out a single objection to either complaint. The motion in arrest was correctly overruled.

3. It is insisted by the appellant's counsel, that the court below erred in granting a rule against the appellant's agent, at Muncie, to answer as to his receipts of the appellant's money. It is provided in section 5 of "An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other carriages of any railroad company in this State," etc., approved March 4th, 1863, under which act the appellee's actions were brought, that, if the "cause be commenced in the common pleas or circuit court of the county in which such animal or animals are killed, or such injury done," the court may make such a rule or order as the appellant now complains of, "on motion of the plaintiff or plaintiffs." In section 6 of the same act, provision is made for obtaining a similar rule or order, in cases where a judgment has been rendered by a justice of the peace. But the act fails, in express terms, to make any provision for such a rule or order in a case where, as in the case at bar, judgment having been rendered by a justice of the peace, an appeal therefrom results in a judgment of a circuit court against a railroad company. It seems to us, however, that this latter case, although it is not provided for in the express letter of the law, clearly falls within the

spirit, meaning and intention of the act in question. The object of the act, in this regard, is to provide the means for enforcing the collection of judgments rendered under the act; and it seems to us to have been the legislative intent, that the collection of any and all judgments against a railroad company for the killing or injury of animals, rendered under the provisions of said act, as well those rendered on appeal to the circuit court as those rendered in actions there commenced, or those obtained before justices of the peace, might be enforced in the modes prescribed in said sections. 1 R. S. 1876, p. 753. In our opinion, therefore, no error was committed by the court below in granting the rule, complained of in this case, against the appellant's agent at Muncie.

4. The evidence on the trial, in the court below, is not set out in the record of this cause. Therefore no question is presented for our consideration by the alleged error of the court in overruling the appellant's motion for a new trial.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.