Cunningham v. Packard, Administrator.

---

No. 664.

## CUNNINGHAM v. PACKARD, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Claim.*—*Evidence in Support of.*—*Duty of Court to Scrutinize.*—*When Claim Should Be Allowed.*—Where a claim against a decedent's estate is fairly established, it is the duty of the court to allow such claim; but it is the duty of the court to carefully scrutinize the evidence supporting such claim, for the purpose of preventing fraud.

From the Marshall Circuit Court.

*A. E. Wise* and *J. W. Parks*, for appellant.

*O. M. Packard*, *I. Conner* and *G. E. Halderman*, for appellee.

CRUMPACKER, J.—This is an appeal from a judgment disallowing a claim filed by Cunningham against Packard, administrator of the estate of Aaron Reubarger, deceased.

Cunningham ?. Packard, Administrator.

The only question for decision relates to the·sufficiency of the evidence to support the finding of the court. The statement of the claim is based upon an alleged special agreement, by the terms of which the deceased employed appellant as a real estate agent to assist him in negotiating the purchase of a parcel of real estate.

It appears from the evidence that in 1885 appellant was engaged in the real estate business in the town of Walkerton, in St. Joseph County, and one Giberson was the owner of a hotel in said town which the decedent desired to purchase. A witness testified positively that he was present at, and heard·an agreement between the decedent and appellant, whereby the decedent agreed to pay appellant the sum of one hundred dollars for his services in negotiating the purchase of the hotel. Appellant accepted the terms of the agreement and assisted in conducting the negotiations, and the purchase was effected. A number of other witnesses testified to admissions by the decedent that appellant was so employed by him, and that he still owed for the services. It was in evidence that in 1889, a short time before his death, decedent offered appellant a horse and carriage, valued at one hundred and seventy-five dollars, in payment for his services in that transaction and in others that occurred afterwards. All of this evidence was without contradiction, and the witnesses were without impeachment in any manner.

It is the duty of courts to scrutinize very carefully evidence in support of claims against decedents' estates for the purpose of preventing fraud; but, on the other hand, the claimant is not a competent witness and must depend largely upon circumstances and the testimony of others to prove his claim. True he has an advantage in his acquaintance with the environments of the transaction, and his knowledge of those who can afford him favorable evidence, but when his claim has been fairly established, it should be allowed.

In this case there was uncontradicted evidence of a special agreement by which appellant was to have a given sum for assisting in the purchase. He did so assist, and the purchase was effected, and it is not claimed that appellant has been paid. This was all the evidence necessary to establish appellant's claim, and the court below had no right to disregard it.

The judgment is reversed with instruction to grant a new trial.

Filed November 15, 1892; petition for a rehearing overruled January 21, 1893.