No. 663.

## CUNNINGHAM v. PACKARD, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Evidence.*— *When Court Has No Right to Disregard.*— Where the testimony in support of a claim against a decedent's estate is reasonable, convincing and uncontradicted, the court has no right to disregard it in arriving at a conclusion.

From the Marshall Circuit Court.

*A. E. Wise* and *J. W. Parks*, for appellant.

*O. M. Packard, I. Conner* and *G. E. Halderman*, for appellee.

CRUMPACKER, J.—Cunningham filed a claim against Packard, administrator of the estate of Aaron Reubarger, deceased, for one hundred dollars alleged to be due the claimant for commission in a real estate transaction. The judgment of the court below was in favor of the administrator and the appeal presents for review the question whether the finding upon which the judgment was based is not contrary to the evidence. In the statement of the claim it is alleged that a special contract was made between appellant and the decedent, by the terms of which the former was to be paid the sum of one hundred dollars for his services in promoting a real estate trade in the

interest of the latter, in the event such trade should be consummated.

It was shown by the evidence that in 1887 appellant was a real estate agent in the town of Walkerton, in St. Joseph County, and at that time the decedent was the owner of a hotel in said town which he desired to exchange for a certain farm in that vicinity. It was proved, without contradiction, that the decedent proposed to appellant to pay him a commission of one hundred dollars for his services in bringing about such trade, in the event it was effected, and that appellant accepted the proposition and the trade was effected largely through his influence and agency. Circumstances and admissions on the part of the deceased were detailed in evidence, strongly corroborating the direct evidence of the agreement, and no evidence whatever was introduced to the contrary. The testimony in support of the claim was not disparaged by impeachment, but appears to have been reasonable and convincing, and the court had no right to disregard it. A trial court or jury has no right to arbitrarily reject reasonable and uncontradicted evidence in a cause, but must be controlled by it in arriving at a decision. This case, in many of its features, is similar to the case of *Cunningham* v. *Packard, Adm'r,* No. 664, decided by this court November 15th, 1892 (6 Ind. App. 34). The claim asserted here is for services in disposing of the hotel, which the evidence showed in that case appellant was employed by the decedent to purchase. Both claims might have been included in the same account, but the failure to do so can only affect the question of costs. Section 595, R. S. 1881; *Fort Wayne, etc., R. R. Co.* v. *Clark,* 59 Ind. 191.

The judgment is reversed, with instructions to sustain the motion for a new trial.

Filed November 18, 1892; petition for a rehearing overruled January 21, 1893.